## SUPREME COURT.

THE WESTERN RAILROAD CORPORATION and others agt.
NICHOLAS G. KORTRIGHT, impleaded, &c.

A *decision* of a judge at chambers, on a motion under § 247 of the Code, for
judgment, on account of the frivolousness of the answer, is an *order*, and
not a judgment. But such an order is *appealable* to the general term; be-
cause it involves the merits of the action—the question decided is, whether
the answer does or does not contain a defence to the action, or some part
thereof.

*Albany General Term, September,* 1854.
Before WRIGHT, HARRIS, and WATSON, Justices.
MOTION to dismiss appeal.

The defendant, Kortright, having served an answer to the
complaint, the plaintiffs' attorney, pursuant to the 247th sec-
tion of the Code, gave notice of an application to a judge, at
chambers, "for judgment thereon, on account of the frivolous-
ness thereof." The motion was granted.

From the decision or order thus made, the defendant, Kort-
right, appealed to the general term. The plaintiffs moved to
dismiss the appeal, on the ground that no appeal would lie
from such an order before judgment.

John J. Olcott, *for plaintiffs.*
John H. Reynolds, *for defendant.*

By the court—HARRIS, Justice. A defendant, if he will
take issue with the plaintiff upon the facts of the case, must
either deny some material allegation stated in the complaint,
or state some new matter constituting a defence or counter-
claim. If the answer does neither, the plaintiff, instead of de-
murring, as under the former practice, may move, summarily,
for judgment upon the answer. If the judge to whom he ap-
plies is of opinion that the answer does not tender to the plain-
tiff a material issue, he is to give judgment accordingly. In

other words, he is to make an order that the plaintiff is entitled to judgment, notwithstanding the answer.

The decision is not the determination of an issue. On the contrary, it is determined that no issue, such as the law authorizes, has been joined. (*See Gould* agt. *Carpenter*, 7 *Howard*, 97.) The effect of the decision is, to deprive the defendant of the benefit of his answer, and to declare that the plaintiff is entitled to the same judgment as if no answer had been interposed. The decision is not a judgment, but it authorizes the plaintiff to proceed to obtain judgment. The application is not for judgment in the action, but for judgment upon the pleading alleged to be frivolous. The judge pronounces "judgment thereon," and thus the unauthorized obstruction in the way of the plaintiffs' obtaining a final judgment in the action is removed. Such a decision is an order, and not a judgment, as these terms are defined in the Code. It also involves the merits of the action. The question decided is, whether the answer does or does not contain a defence to the action, or some part thereof. It follows, that the decision is appealable under the provisions of the 349th section of the Code.

The motion to dismiss the appeal should therefore be denied, but I think it should be without costs.